(Official Form 1) (12/03) West Group, Rochester, NY

| FORM B1 | United States Bankruptcy Court | |
|---|---|---|
| | **SOUTHERN** District of **INDIANA** | **Voluntary Petition** |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| **Gibson, Gregory W.** | **Gibson, Amy L.** |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): <br> **aka Greg Gibson** | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): <br> **aka Amy Garrett** |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all)**6895** | Last four digits of Soc. Sec. No./Compete EIN or other Tax I.D. No. (if more than one, state all)**0664** |
| Street Address of Debtor (No. & Street, City, State & Zip Code): <br> **205 East Walnut Street** <br> **Summitville IN 46070** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): <br> **205 East Walnut Street** <br> **Summitville IN 46070** |
| County of Residence or of the Principal Place of Business: **Madison** | County of Residence or of the Principal Place of Business: **Madison** |
| Mailing Address of Debtor (if different from street address): <br> **SAME** | Mailing Address of Joint Debtor (if different from street address): <br> **SAME** |
| Location of Principal Assets of Business Debtor <br> (If different from street address above): **NOT APPLICABLE** | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☒ Individual(s) ☐ Railroad | | ☒ Chapter 7  ☐ Chapter 11  ☐ Chapter 13 |
| ☐ Corporation ☐ Stockbroker | | ☐ Chapter 9  ☐ Chapter 12 |
| ☐ Partnership ☐ Commodity Broker | | ☐ Sec. 304 - Case ancillary to foreign proceeding |
| ☐ Other _____ ☐ Clearing Bank | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☒ Consumer/Non-Business   ☐ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.

☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 ☐ | 16-49 ☒ | 50-99 ☐ | 100-199 ☐ | 200-999 ☐ | 1000-over ☐ |
|---|---|---|---|---|---|---|

| Estimated Assets | $0 to $50,000 ☐ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☒ | $500,001 to $1 million ☐ | $1,000,001 to $10 million ☐ | $10,000,001 to $50 million ☐ | $50,000,001 to $100 million ☐ | More than $100 million ☐ |
|---|---|---|---|---|---|---|---|---|

| Estimated Debts | $0 to $50,000 ☐ | $50,001 to $100,000 ☐ | $100,001 to $500,000 ☒ | $500,001 to $1 million ☐ | $1,000,001 to $10 million ☐ | $10,000,001 to $50 million ☐ | $50,000,001 to $100 million ☐ | More than $100 million ☐ |
|---|---|---|---|---|---|---|---|---|

(Official Form 1) (12/03) West Group, Rochester, NY

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): *Gregory W. Gibson and Amy L. Gibson* | FORM B1, Page 2 |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: *NONE* | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: *NONE* | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _Gregory Gibson_
Signature of Debtor

X _Amy L. Gibson_
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_11-12-04_
Date

**Signature of Attorney**

X _Larry W. Robbins_
Signature of Attorney for Debtor(s)

_LARRY W. ROBBINS 6090-48_
Printed Name of Attorney for Debtor(s)

_ROBBINS LAW OFFICE_
Firm Name

_921 Historic West 8th Street_
Address

_Anderson IN 46016_

_(765) 649-6771_    _11/12/04_
Telephone Number    Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _Larry Robbins_ _11/12/04_
Signature of Attorney for Debtor(s)    Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson*
    *aka Greg Gibson*
    *and*
    *Amy L. Gibson*
    *aka Amy Garrett*

Case No.
Chapter    *7*

_____/ Debtor

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

---

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

### 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| *Year to date:2004:$37,608.00* | *Husband's Income from York Metals.* |
| *Last Year:2003:$47,038.00* | *Husband's Income from York Metals & Stephens Fabrication.* |
| *Year before:2002:$46,625.00* | *Husband's Income from Stephens Fabrication.* |

| | |
|---|---|
| *Year to date:2004:$16,000.00* | *Wife's Income from The Beauty Barn & self-employment.* |
| *Last Year:2003:$12,517.00* | *Wife's Income from self-employment.* |
| *Year before:2002:$14,266.00* | *Wife's Income from self-employment.* |

### 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

---

## 3. Payments to creditors.

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| *Creditor:Washington Mutual* <br> *Address:Milwaukee, WI* | *08/04* <br> *09/04* | *$1438.00* <br> *$1438.00* | *$109,000.00* <br> *Mortgage* |
| *Creditor:Nuvell Credit Corp.* <br> *Address:Little Rock, AZ* | *08/04* <br> *09/04* <br> *10/04* | *$383.33* <br> *$383.33* <br> *$383.33* | *$11,000.00* <br> *Chevy Malibu* |

b. List all payments made within one year immediately preceding the commencement of this case or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| *Creditor:Susan Garrett* <br> *Address:Wabash, IN* <br> *Relationship:Debtor Wife's mother* | *11/03 -* <br> *8/04* | *$321.00 per* <br> *mo.* <br> *9 payments* <br> *total* <br> *$2,889.00* <br> *total* | *$13,000.00* |

## 4. Suits and administrative proceedings, executions, garnishments and attachments.

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 6. Assignments and receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.(Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| Name:Summitville United Methodist Address:Summitville, IN | Church | 10/03 - 10/04 | Description:Church Tithes Value:$100.00 per month $1,200.00 total |

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Payee: LARRY W. ROBBINS Address: 921 Historic West 8th Street Anderson, IN 46016 | Date of Payment: 9/28/04 $40.00; 10/11/04 $60.00; 10/18/04 $100.00; 10/26/04 $160.00; 11/12/04 $265.00<br><br>Payor: Gregory W. Gibson | $625.00 total |

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

☒ NONE

## 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Statement of Affairs - Page 3

## 13. Setoffs.

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 14. Property held for another person.

List all property owned by another person that the debtor holds or controls.

☒ NONE

## 15. Prior address of debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| Debtor:Greg & Amy Gibson<br>Address:205 E. Walnut St.<br>Summitville, IN | Name(s):Greg & Amy Gibson | 10/98 - present |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under any Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

☒ NONE

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

| NAME AND ADDRESS | TAXPAYER I.D. NUMBER | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|
| *Debtor is an Individual:The Beauty Barn Business Address: Summitville, IN* | *TaxPayer ID: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* | *Salon The Beauty Barn begin date: 9/14/04* | *1997 to present* |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

## 19. Books, records and financial statements.

a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

☒ NONE

---

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

---

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS

*Name:Amy L. Gibson*
*Address:205 E. Walnut St, Summitville, IN*
*Missing:Nothing*

---

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

☒ NONE

## 20. Inventories.

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

## 21. Current Partners, Officers, Directors and Shareholders.

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

☒ NONE

## 22. Former partners, officers, directors and shareholders.

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

## 23. Withdrawals from a partnership or distribution by a corporation.

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

☒ NONE

## 24. Tax Consolidation Group.

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six year period immediately preceding the commencement of the case.

☒ NONE

## 25. Pension Funds.

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six year period immediately preceding the commencement of the case.

☒ NONE

Statement of Affairs - Page 6

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date __11-12-04__    Signature _____
Gregory W. Gibson

Date __11-12-04__    Signature _____
Amy L. Gibson

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson and Amy L. Gibson*

Case No.
Chapter  **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's  liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $      120,000.00 | | |
| B-Personal Property | Yes | 3 | $       12,370.00 | | |
| C-Property Claimed as Exempt | Yes | 1 | | | |
| D-Creditors Holding Secured Claims | Yes | 1 | | $      120,000.00 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 2 | | $        8,625.13 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | $       31,939.12 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | Yes | 1 | | | $        4,387.86 |
| J-Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $        4,579.09 |
| Total Number of Sheets in All Schedules ▸ | | 19 | | | |
| Total Assets ▸ | | | $      132,370.00 | | |
| Total Liabilities ▸ | | | | $      160,564.25 | |

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor      Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _205 E. Walnut St., Summitville, IN 46070_<br><br>_3BR, 2 1/2 baths, 1,898 square feet_<br><br>_Debtors own in fee simple, as tenants by the entireties, subject to the mortgage in favor of Washington Mutual Mortgage._ | _Fee Simple_ | _J_ | $ 120,000.00 | $ 109,000.00 |
| No continuation sheets attached | | **TOTAL $**<br>(Report also on Summary of Schedules.) | **120,000.00** | |

FORM B6B (10/89) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_     / Debtor     Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | **Cash on Hand** | J | $ 30.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **National City Bank**<br>**Alexandria, IN**<br>**Business Checking Account No.: 501712114** | W | $ 50.00 |
| | | **National City Bank**<br>**Indianapolis, IN**<br>**Checking Account No.: 977748518** | J | $ 50.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **refrigerator, stove, dishwasher, 25 inch television, (2) 27 inch televisions, 19 inch television, VCR, stereo system, 2 sofas, 2 recliners, loveseat, 2 end tables, coffee table, dining table & 4 chairs, hutch, washer, dryer, bedroom suite with vanity and dresser, twin bed, child's dresser, child's changing table, manhattan antique dish set, entertainment center, computer desk, computer** | J | $ 1,915.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Wearing Apparel** | J | $ 250.00 |
| 7.  Furs and jewelry. | | **Wedding band and wedding ring, Wife's grandmother's jewelry** | J | $ 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | | **Camcorder** | J | $ 50.00 |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Insurance Policy**<br>**Erie Insurance**<br>**$500,000.00 (no cash value)** | H | $ 0.00 |

Page   _1_   of   _3_

In re *Gregory W. Gibson and Amy L. Gibson* _____ / Debtor    Case No. _____

(if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Term Life Insurance Policy Erie Insurance $300,000.00 (no cash value) | W | $ 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | | U.S. Savings Bond $100.00 | | $ 75.00 |
| 15. Accounts Receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | 2003 Federal Income Tax Refund $415.00 (Rec'd and Spent: 04/04) Spent on: Paying State taxes and utility bill | J | $ 0.00 |
| | | 2003 State Income Taxes $127.00 owed Paid 04/04 | J | $ 0.00 |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

In re *Gregory W. Gibson and Amy L. Gibson* _____ / Debtor    Case No. _____

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband—H Wife—W Joint—J Community—C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers and other vehicles. | | *1999 Chevrolet Monte Carlo* | J | $ 2,800.00 |
| | | *2002 Chevrolet Malibu* | J | $ 6,300.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | | *Hair dryers, nail dryers, dremel* | W | $ 150.00 |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | *Riding Lawnmower* | J | $ 200.00 |

Total ➡         $ 12,370.00

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

In re _Gregory W. Gibson and Amy L. Gibson_ _____ / Debtor    Case No. _____

<span style="text-align:right">(if known)</span>

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b) (1):  Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☒ 11 U.S.C. § 522(b) (2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Cash on Hand | I.C.A. §34-55-10-2(b)(2) | $ 30.00 | $ 30.00 |
| Business Checking Account | I.C.A. §34-55-10-2(b)(2) | $ 50.00 | $ 50.00 |
| Joint Checking Account | I.C.A. §34-55-10-2(b)(2) | $ 50.00 | $ 50.00 |
| Household Goods | I.C.A. §34-55-10-2(b)(2) | $ 1,915.00 | $ 1,915.00 |
| Wearing Apparel | I.C.A. §34-55-10-2(b)(2) | $ 250.00 | $ 250.00 |
| Jewelry | I.C.A. §34-55-10-2(b)(2) | $ 500.00 | $ 500.00 |
| Camcorder | I.C.A. §34-55-10-2(b)(2) | $ 50.00 | $ 50.00 |
| Daughter's Savings Bonds | I.C.A. §34-55-10-2(b)(2) | $ 0.00 | $ 75.00 |
| 1999 Chevrolet Monte Carlo | I.C.A. §34-55-10-2(b)(2) | $ 2,800.00 | $ 2,800.00 |
| Wife's Business Supplies | I.C.A. §34-55-10-2(b)(2) | $ 150.00 | $ 150.00 |
| Riding Lawnmower | I.C.A. §34-55-10-2(b)(2) | $ 200.00 | $ 200.00 |

FORM B6D (12/03) West Group, Rochester, NY

In re <u>Gregory W. Gibson and Amy L. Gibson</u> _____ / Debtor     Case No._____

(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H–Husband W–Wife J–Joint C–Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: 022140013439  Creditor # : 1  NUVELL CREDIT CORP.  FINANCIAL SERVICES  P.O. Box 7100  Little Rock  AZ 72223 | J | 02/02  Purchase Money Security  2002 Chevrolet Malibu  Value: $ 6,300.00 | | | | $ 11,000.00 | $ 4,700.00 |
| Account No: 0044300275  Creditor # : 2  WASHINGTON MUTUAL  P.O. Box 3139  Milwaukee WI 53201 | J | 11/01  Mortgage  205 East Walnut St,  Summitville, IN  Value: $ 120,000.00 | | | | $ 109,000.00 | $ 0.00 |
| Account No:  | | Value: | | | | | |
| Account No:  | | Value: | | | | | |

No continuation sheets attached

|  | | |
|---|---|---|
| Subtotal $ (Total of this page) | 120,000.00 |
| Total $ (Use only on last page. Report total also on Summary of Schedules) | 120,000.00 |

FORM B6E (4/04) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor    Case No._____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_____ continuation sheets attached

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor        Case No._____

<span style="text-align:right">(if known)</span>

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

TYPE OF PRIORITY    **Taxes and Certain Other Debts Owed to Governmental Units**

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and consideration for Claim | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| | | H--Husband W--Wife J--Joint C--Community | | | | | |
| Account No: 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 Creditor # : 1 SALLIE MAE SERVICING P.O. Box 9500 Wilkes Barre PA 18773-9500 | H | 1986 Husband's Student Loans | | | | $ 6,909.13 | $ 6,909.13 |
| Account No: 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 Creditor # : 2 SALLIE MAE SERVICING P.O. Box 9500 Wilkes Barre PA 18773-9500 | W | 1996-7 Wife's Student Loan | | | | $ 1,716.00 | $ 1,716.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.  _1_  of  _1_  continuation sheets attached to
Schedule of Creditors

| | | |
|---|---|---|
| Subtotal $ (Total of this page) | | 8,625.13 |
| Total $ (Use only on last page of the completed Schedule E. Report total also on Summary of Schedules) | | 8,625.13 |

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three  columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   3147448, 3148512,<br><br>Creditor # : 1<br>COMMUNITY HOSPITAL OF ANDERSON<br>1515 N. Madison Avenue<br>Anderson IN 46011 | | W | 10/02 - 06/03<br>Medical Bills<br>3148086, 3174798 | | | | $ 312.05 |
| Account No:   3147448, 3148512,<br><br>Representing:<br>COMMUNITY HOSPITAL OF ANDERSON | | | LANDMARK ACCOUNTS, INC.<br>1010 West 8th Street<br>Suite 1<br>Anderson IN 46016 | | | | |
| Account No:   2952098, 2954903,<br><br>Creditor # : 2<br>COMMUNITY HOSPITAL OF ANDERSON<br>1515 N. Madison Avenue<br>Anderson IN 46011 | | J | 3/22/02 -<br>Medical Bills     2957708,<br>3038579, 3034238, 306611, 3145889,<br>3097518, 3140554, 3145095, 3155443 | | | | $ 5,198.86 |
| Account No:   2952098, 2954903,<br><br>Representing:<br>COMMUNITY HOSPITAL OF ANDERSON | | | LANDMARK ACCOUNTS<br>1010 West 8th Street<br>Suite 1<br>Anderson IN 46016 | | | | |

___6_ continuation sheets attached

Subtotal $  5,510.91
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor          Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   3298745 <br> Creditor # : 3 <br> COMMUNITY HOSPITAL OF ANDERSON <br> 1515 N. Madison Avenue <br> Anderson IN 46011 | H | 04/04 <br> Medical Bill | | | | $ 322.56 |
| Account No:   3298745 <br><br> Representing: <br> COMMUNITY HOSPITAL OF ANDERSON | | LANDMARK ACCOUNTS, INC. <br> 1010 West 8th Street <br> Suite 1 <br> Anderson IN 46016 | | | | |
| Account No:   3281717, 3290491 <br> Creditor # : 4 <br> COMMUNITY HOSPITAL OF ANDERSON <br> 1515 North Madison Avenue <br> Anderson IN 46011 | W | 3/12/04 – 3/30/04 <br> Medical Bills | | | | $ 880.72 |
| Account No:   3281717, 3290491 <br><br> Representing: <br> COMMUNITY HOSPITAL OF ANDERSON | | LANDMARK ACCOUNTS, INC. <br> 1010 West 8th Street <br> Suite 1 <br> Anderson IN 46016 | | | | |
| Account No:   2901651, 2619481, <br> Creditor # : 5 <br> COMMUNITY HOSPITAL OF ANDERSON <br> 1515 N. Madison Avenue <br> Anderson IN 46011 | J | 12/01 – 04/04 <br> Medical Bills <br> 2917627, 2930031, 2942355, 2942919, <br> 2961011, 2961175, 2963613 | | | | $ 949.02 |
| Account No:   2901651, 2619481, <br><br> Representing: <br> COMMUNITY HOSPITAL OF ANDERSON | | LANDMARK ACCOUNTS, INC. <br> 1010 West 8th Street <br> Suite 1 <br> Anderson IN 46016 | | | | |

Sheet No.   _1_ of   _6_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

**Subtotal $**          2,152.30
(Total of this page)
**Total $**
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re <u>Gregory W. Gibson and Amy L. Gibson</u> / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State.<br>H—Husband<br>W—Wife<br>J—Joint<br>C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:   3302579<br><br>*Creditor # : 6*<br>*COMMUNITY HOSPITAL OF ANDERSON*<br>*1515 N. Madison Avenue*<br>*Anderson IN 46011* | H | *4/27/04*<br>*Medical Bill* | | | | $ 309.99 |
| Account No:   3302579<br><br>*Representing:*<br>*COMMUNITY HOSPITAL OF ANDERSON* | | *LANDMARK ACCOUNTS, INC.*<br>*1010 West 8th Street*<br>*Suite 1*<br>*Anderson IN 46016* | | | | |
| Account No:   8255909152378326<br><br>*Creditor # : 7*<br>*DISH NETWORK*<br>*Dept. 0063*<br>*Palatine IL 60055* | J | *4/12/04*<br>*Satellite Bill* | | | | $ 112.66 |
| Account No:   8255909152378326<br><br>*Representing:*<br>*DISH NETWORK* | | *CBE GROUP INC.*<br>*131 Tower Park*<br>*Suite 100*<br>*Waterloo IA 50704* | | | | |
| Account No:   652690-11<br><br>*Creditor # : 8*<br>*FERNANDO AGUILA, M.D.*<br>*P.O. Box 68952*<br>*Indianapolis IN 46268* | W | *04/02*<br>*Medical Bill* | | | | $ 61.20 |
| Account No:   652690-11<br><br>*Representing:*<br>*FERNANDO AGUILA, M.D.* | | *COLLECTION SPECIALISTS, INC.*<br>*922 Meridian Plaza*<br>*P.O. Box 1156*<br>*Anderson IN 46015* | | | | |

Sheet No.   *2*  of   *6*  continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     483.85
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_ / Debtor     Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: **5488-9750-1658-7811**<br>**Creditor # : 9**<br>**HOUSEHOLD BANK**<br>**P.O. Box 80084**<br>**Salinas CA 93912** | H | 10/03<br>**Revolving Charge** | | | | $ 720.40 |
| Account No: **5488-9750-1658-7811**<br>**Representing:**<br>**HOUSEHOLD BANK** | | **GERALD E. MOORE & ASSOCIATES**<br>**P.O. Box 724087**<br>**Atlanta GA 31139** | | | | |
| Account No: **5488-9750-2193-8991**<br>**Creditor # : 10**<br>**HOUSEHOLD CARD SERVICES**<br>**P.O. Box 93912**<br>**Salinas CA 93912** | W | 10/03<br>**Revolving Charge** | | | | $ 770.75 |
| Account No: **5488-9750-2193-8991**<br>**Representing:**<br>**HOUSEHOLD CARD SERVICES** | | **MALCOLM S. GERALD & ASSOCIATES**<br>**332 South Michigan Avenue**<br>**Suite 600**<br>**Chicago IL 60604** | | | | |
| Account No: **652499-11**<br>**Creditor # : 11**<br>**KHALIL G. WAKIM, M.D.**<br>**2101 Jackson Street**<br>**Anderson IN 46016** | W | 12/02<br>**Medical Bill** | | | | $ 198.40 |
| Account No: **652499-11**<br>**Representing:**<br>**KHALIL G. WAKIM, M.D.** | | **COLLECTION SPECIALISTS, INC.**<br>**922 Meridian Plaza**<br>**P.O. Box 1156**<br>**Anderson IN 46015** | | | | |

Sheet No. _3_ of _6_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ (Total of this page)     1,689.55

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor        Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: **48-9934414520**<br>_Creditor # : 12_<br>_MARION GENERAL HOSPITAL_<br>_RIVERVIEW SURGERY CENTER_<br>_441 North Wabash Avenue_<br>_Marion   IN 46652_ | H | 5/98 - 9/99<br>_Medical Bill_ | | | | $ 3,455.00 |
| Account No: **48-9934414520**<br>_Representing:_<br>MARION GENERAL HOSPITAL | | _CREDIT BUREAU OF MARION_<br>_P.O. Box 1510_<br>_Marion   IN 46952_ | | | | |
| Account No: **395**<br>_Creditor # : 13_<br>_NORTH ANDERSON & MADISON CO._<br>_ANESTHESIOLOGY_<br>_9899 E. 126th St._<br>_Fishers IN 46038_ | W | 04/02<br>_Medical Bills_ | | | | $ 142.80 |
| Account No: **395**<br>_Representing:_<br>NORTH ANDERSON & MADISON CO. | | _IMC CREDIT SERVICES_<br>_P.O. Box 20636_<br>_Indianapolis IN 46220_ | | | | |
| Account No: **109*125232, 109*130947,**<br>_Creditor # : 14_<br>_NORTHSIDE RADIOLOGY_<br>_P.O. Box 5089_<br>_Indianapolis IN 46255-5089_ | J | 07/31/04<br>_Medical Bills_<br>_109*139209, 109*197108, 109*207271,_<br>_109*238233_ | | | | $ 182.76 |
| Account No: **109*125232, 109*130947,**<br>_Representing:_<br>NORTHSIDE RADIOLOGY | | _LANDMARK ACCOUNTS, INC._<br>_1010 West 8th Street_<br>_Suite 1_<br>_Anderson IN 46016_ | | | | |

Sheet No. __4__ of ____6__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $  3,780.56
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor H—Husband W—Wife J—Joint C—Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  28130<br>Creditor # : 15<br>SAIFUL KABIR, M.D.<br>1210 Medical Arts Bldg.<br>Suite 214<br>Anderson IN 46016 | J | 04/27/04<br>Medical Bill | | | | $ 198.89 |
| Account No:  28130<br>Representing:<br>SAIFUL KABIR, M.D. | | LANDMARK ACCOUNTS, INC.<br>1010 West 8th Street<br>Suite 1<br>Anderson IN 46016 | | | | |
| Account No:  48-020090167<br>Creditor # : 16<br>SURGEONS INC.<br>330 North Wabash Avenue<br>Marion  IN 46952 | H | 8/98 - 9/99<br>Medical Bill | | | | $ 1,838.06 |
| Account No:  48-020090167<br>Representing:<br>SURGEONS INC. | | CREDIT BUREAU OF MARION<br>P.O. Box 1510<br>Marion  IN 46952 | | | | |
| Account No:  2274548<br>Creditor # : 17<br>SUSAN GARRETT<br>5459 West Old U.S. 24<br>Wabash IN 46992 | J | 05/03<br>Personal Loan | | | | $ 13,000.00 |
| Account No:  2274548<br>Creditor # : 18<br>WOMEN'S SURGERY CENTER<br>Box 2303 - Dept. 175<br>Indianapolis IN 46206 | W | 03/01<br>Medical Bill | | | | $ 3,285.00 |

Sheet No. __5__ of __6__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     18,321.95
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (12/03) West Group, Rochester, NY

In re _Gregory W. Gibson and Amy L. Gibson_____ / Debtor        Case No._____

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H—Husband W—Wife J—Joint C—Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:  2274548 *Representing:* WOMEN'S SURGERY CENTER | | IMC CREDIT SERVICES P.O. Box 20636 Indianapolis IN 46220 | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |
| Account No: | | | | | | |

Sheet No.   6  of ____6 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ ........ 0.00
(Total of this page)

**Total $** .......... 31,939.12
(Report total also on Summary of Schedules)

FORM B6G (10/89) West Group, Rochester, NY

In re **Gregory W. Gibson and Amy L. Gibson** _____ / Debtor        Case No. _____

<span style="float:right">(if known)</span>

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of
    creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

FORM B6H (6/90) West Group, Rochester, NY

In re **_Gregory W. Gibson and Amy L. Gibson_** _____ / Debtor    Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| | |
| | |

In re _Gregory W. Gibson and Amy L. Gibson_ _____ / Debtor     Case No. _____

(if known)

# SCHEDULE I-CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: _Married_ | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP _Daughter_ | AGE _2.5 yrs_ |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | _Project Manager_ | _Self Employed_ |
| Name of Employer | _York Metals L.L.C._ | _The Beauty Barn_ |
| How Long Employed | _1 1/2 yrs._ | _1 mo._ |
| Address of Employer | _Indianapolis IN  46236_ | _Summittville IN_ |

| Income: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current Monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ _4,411.68_ | $ _0.00_ |
| Estimated Monthly Overtime | $ _0.00_ | $ _0.00_ |
| SUBTOTAL | $ _4,411.68_ | $ _0.00_ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll Taxes and Social Security | $ _844.65_ | $ _0.00_ |
| b. Insurance | $ _379.17_ | $ _0.00_ |
| c. Union Dues | $ _0.00_ | $ _0.00_ |
| d. Other  (Specify): | $ _0.00_ | $ _0.00_ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ _1,223.82_ | $ _0.00_ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ _3,187.86_ | $ _0.00_ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ _0.00_ | $ _0.00_ |
| Income from Real Property | $ _0.00_ | $ _0.00_ |
| Interest and dividends | $ _0.00_ | $ _0.00_ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ _0.00_ | $ _0.00_ |
| Social Security or other government assistance Specify: | $ _0.00_ | $ _0.00_ |
| Pension or retirement income | $ _0.00_ | $ _0.00_ |
| Other monthly income Specify:  _The Beauty Barn Gross Income_ | $ _0.00_ | _1,200.00_ |
| TOTAL MONTHLY INCOME | $ _3,187.86_ | $ _1,200.00_ |
| TOTAL COMBINED MONTHLY INCOME   $ _4,387.86_ (Report also on Summary of Schedules) | | |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

      _Wife is self employed and pays self employment taxes._

In re _Gregory W. Gibson and Amy L. Gibson_ _____ / Debtor     Case No. _____

                                                                (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or mortgage payment (include lot rented for mobile home) | $ | 800.00 |
| Are real estate taxes included?    Yes ☐   No ☒ | | |
| Is property insurance included?    Yes ☐   No ☒ | | |
| Utilities: Electricity and heating fuel | $ | 70.00 |
|      Water and sewer | $ | 70.00 |
|      Telephone | $ | 65.00 |
|      Other    _Gas_ | $ | 175.00 |
|      Other    _Cable_ | $ | 50.00 |
|      Other | $ | 0.00 |
| Home maintenance (Repairs and upkeep) | $ | 50.00 |
| Food | $ | 590.00 |
| Clothing | $ | 100.00 |
| Laundry and dry cleaning | $ | 20.00 |
| Medical and dental expenses | $ | 100.00 |
| Transportation (not including car payments) | $ | 350.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 150.00 |
| Charitable contributions | $ | 100.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|      Homeowner's or renter's | $ | 24.00 |
|      Life | $ | 100.31 |
|      Health | $ | 0.00 |
|      Auto | $ | 180.45 |
|      Other | $ | 0.00 |
|      Other | $ | 0.00 |
|      Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage) | | |
| Specify: | $ | 0.00 |
| Installment payments: (in chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|      Auto | $ | 383.33 |
|      Other:   _Susan Garrett_ | $ | 321.00 |
|      Other: | $ | 0.00 |
|      Other: | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 600.00 |
| Other:   _Misc. Expenses_ | $ | 100.00 |
| Other:   _Child Care_ | $ | 180.00 |
| Other: | $ | 0.00 |
| TOTAL MONTHLY EXPENSES    (Report also on Summary of Schedules) | $ | 4,579.09 |

Case 04-21093-AJM-7A    Doc 1    Filed 11/15/04    EOD 11/15/04 15:14:37    Pg 30 of 39

In re _**Gregory W. Gibson and Amy L. Gibson**_ _____ / Debtor    Case No. _____

(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**19**___ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date: _11-12-04_    Signature _____
                    _Gregory W. Gibson_

Date: _11-12-04_    Signature _____
                    _Amy L. Gibson_

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson*
*aka Greg Gibson*
*and*
*Amy L. Gibson*
*aka Amy Garrett*

Case No.
Chapter 7

_____ / Debtor

Attorney for Debtor: *LARRY W. ROBBINS*

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____625.00
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $_____625.00
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $_____0.00

3.  $_____209.00_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
    *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
    *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
    *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
    *None*

Dated: *11/12/04*

Respectfully submitted,

x _____

Attorney for Petitioner: *LARRY W. ROBBINS*
*ROBBINS LAW OFFICE*
*921 Historic West 8th Street*
*Anderson IN  46016*

FORM B8 (12/03) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson and Amy L. Gibson*

Case No.
Chapter   **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

| 1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate. |
|---|

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

**a.   Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *Real Estate--205 E. Walnut St., Summitville, IN 46070* | *WASHINGTON MUTUAL* |

**b.   Property to Be Retained.**                                    [Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| *None* | *SUSAN GARRETT* | | | X |
| 2002 Chevrolet Malibu | NUVELL CREDIT CORP. | | | X |

**Signature of Debtor(s)**

Date: *11-12-04*                Debtor: _____

Date: *11-12-04*                Joint Debtor: _____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson and Amy L. Gibson*

Case No.
Chapter  **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

**a.   Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

**b.   Property to Be Retained.**                                      [Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| *None* | | | | |

### Signature of Debtor(s)

Date: *11-12-04*

Debtor: *Amy L. Gibson*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson and Amy L. Gibson*

Case No.
Chapter   **7**

_____ / Debtor

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION - HUSBAND'S DEBTS

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

a.   **Property to Be Surrendered.**

| Description of Property | Creditor's Name |
|---|---|
| *None* | |

b.   **Property to Be Retained.**

[Check any applicable statement.]

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|
| *None* | | | | |

### Signature of Debtor(s)

Date: _11-12-04_

Debtor: _(signature)_

Form B 201 (11/03) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

### Chapter 7: Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1.  Chapter 7 is designed for debtors in financial  difficulty who do not have the ability to pay their existing debts.

2.  Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.  Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can expain the options that are available to you.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1.  Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankuptcy Code.

2.  Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.  Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.  After completion of payments under the plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

### Chapter 11: Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | |
|---|---|
| 11-12-04 | |
| Date | Signature of Debtor |
| 11-12-04 | |
| Date | Signature of Joint Debtor |

Case Number

DEBTOR COPY          COURT COPY

(circle one)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA

In re *Gregory W. Gibson*
   *aka Greg Gibson*
   *and*
   *Amy L. Gibson*
   *aka Amy Garrett*

Case No.
Chapter  *7*

_____ / Debtor

Attorney for Debtor:  **LARRY W. ROBBINS**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date:  *11-12-04*

_____
Debtor

_____
Joint Debtor

Gregory W. Gibson
205 East Walnut Street
Summitville, IN  46070


Amy L. Gibson
205 East Walnut Street
Summitville, IN  46070


LARRY W. ROBBINS
921 Historic West 8th Street
Anderson, IN  46016


NANCY GARGULA
U.S. Trustee
101 West Ohio Street #1000
Indianapolis, IN  46204


CBE GROUP INC.
131 Tower Park
Suite 100
Waterloo, IA  50704


COLLECTION SPECIALISTS, INC.
922 Meridian Plaza
P.O. Box 1156
Anderson, IN  46015


COMMUNITY HOSPITAL OF ANDERSON
1515 North Madison Avenue
Anderson, IN  46011


COMMUNITY HOSPITAL OF ANDERSON
1515 N. Madison Avenue
Anderson, IN  46011


CREDIT BUREAU OF MARION
P.O. Box 1510
Marion , IN  46952


DISH NETWORK
Dept. 0063
Palatine, IL  60055

FERNANDO AGUILA, M.D.
P.O. Box 68952
Indianapolis, IN  46268


GERALD E. MOORE & ASSOCIATES
P.O. Box 724087
Atlanta, GA  31139


HOUSEHOLD BANK
P.O. Box 80084
Salinas, CA  93912


HOUSEHOLD CARD SERVICES
P.O. Box 93912
Salinas, CA  93912


IMC CREDIT SERVICES
P.O. Box 20636
Indianapolis, IN  46220


KHALIL G. WAKIM, M.D.
2101 Jackson Street
Anderson, IN  46016


LANDMARK ACCOUNTS
1010 West 8th Street
Suite 1
Anderson, IN  46016


LANDMARK ACCOUNTS, INC.
1010 West 8th Street
Suite 1
Anderson, IN  46016


MALCOLM S. GERALD & ASSOCIATES
332 South Michigan Avenue
Suite 600
Chicago, IL  60604


MARION GENERAL HOSPITAL
RIVERVIEW SURGERY CENTER
441 North Wabash Avenue
Marion , IN  46652

NORTH ANDERSON & MADISON CO.
ANESTHESIOLOGY
9899 E. 126th St.
Fishers, IN  46038


NORTHSIDE RADIOLOGY
P.O. Box 5089
Indianapolis, IN  46255-5089


NUVELL CREDIT CORP.
FINANCIAL SERVICES
P.O. Box 7100
Little Rock , AZ  72223


SAIFUL KABIR, M.D.
1210 Medical Arts Bldg.
Suite 214
Anderson, IN  46016


SALLIE MAE SERVICING
P.O. Box 9500
Wilkes Barre, PA  18773-9500


SURGEONS INC.
330 North Wabash Avenue
Marion , IN  46952


SUSAN GARRETT
5459 West Old U.S. 24
Wabash, IN  46992


WASHINGTON MUTUAL
P.O. Box 3139
Milwaukee, WI  53201


WOMEN'S SURGERY CENTER
Box 2303 - Dept. 175
Indianapolis, IN  46206